UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WORD TO INFO INC,<br><br>    Plaintiff,<br><br>        v.<br><br>GOOGLE INC.,<br><br>    Defendant. | Case No. 15-cv-03486-WHO<br><br>**ORDER GRANTING MOTION FOR LEAVE TO AMEND INFRINGEMENT CONTENTIONS AND DENYING AS MOOT MOTION TO STRIKE**<br><br>Re: Dkt. Nos. 115, 116, 129, 131, 138 |

## INTRODUCTION

Plaintiff Word to Info, Inc. ("WTI") brings these two separate lawsuits – one against defendant Facebook Inc. ("Facebook") (No. 15-cv-03485-WHO) and the other against Google Inc. ("Google") (No. 15-cv-03486-WHO) – accusing both defendants of infringing the same seven patents, United States Patent Nos. (1) 5,715,468 ("the '468 patent"); (2) 6,138,087 ("the '087 patent"); (3) 6,609,091 ("the '091 patent"); (4) 7,349,840 ("the '840 patent"); (5) 7,873,509 ("the '509 patent"); (6) 8,326,603 ("the '603 patent"); and (7) 8,688,436 ("the '436 patent"). The patents-in-suit all share a specification and relate to natural language processing.

WTI moves for leave to amend its infringement contentions with respect to both Facebook and Google. Google moves to strike WTI's original infringement contentions. For the reasons discussed below, WTI's motions to amend are GRANTED, and Google's motion to strike WTI's original infringement contentions is DENIED AS MOOT.

## BACKGROUND

**I.     WTI v. FACEBOOK**

    **A.     Basic Procedural History**

WTI initiated its action against Facebook on December 14, 2015 in the United States District Court for the Northern District of Texas. Dkt. No. 1. On May 8, 2015, WTI served

Facebook with infringement contentions pursuant to the Northern District of Texas's Amended Miscellaneous Order No. 62, paragraph 3-1, which the parties describe as "substantively similar" to this district's Patent Local Rule 3-1.  Joint Case Management Statement at 2-3, 13 (Dkt. No. 69).  On July 23, 2015, the case was transferred to this district.  Dkt. No. 49.  The parties have since continued to treat the infringement contentions served on May 8, 2015 as the operative infringement contentions in the case.

During the initial case management conference on November 10, 2015, I set a schedule for reducing the asserted claims and prior art references, requiring (1) WTI to preliminarily elect no more than 10 claims per patent and 32 claims in total by December 14, 2015, and then to finally elect no more than 5 claims per patent and 16 claims in total by 28 days after the claim construction ruling; and (2) Facebook to preliminarily elect no more than 18 references per patent and 50 references in total by February 5, 2016, and then to finally elect no more than nine references per patent and 25 references in total by 14 days after WTI's final election of asserted claims.  Dkt. No. 73.

At the end of the case management conference, Facebook asked to confirm "that in the December date when we get the reduction in claims, it's a full citation to the code that they've had access to, these are final contentions at this point, . . . that's what your Honor is anticipating."[1] Hearing Tr. at 21 (Dkt. No. 78).  I stated, "Under the local rules, that's what I'm anticipating."  *Id.* WTI added, "Final except for leave to amend with good cause," and I responded, "Right."  *Id.*

The Civil Minutes issued following the case management conference set out the following case management deadlines:

CLAIM CONSTRUCTION SCHEDULE

| | |
|---|---|
| Invalidity Contentions: | February 5, 2016 |
| Exchange of proposed terms: | February 19, 2016 |
| Exchange of preliminary constructions: | February 26, 2016 |
| Joint claim construction statement: | March 18, 2016 |

---

[1] The parties joint case management statement included proposed deadlines for "Plaintiff Serves Supplemental Infringement Contentions Selecting Up To 15 Claims, Meeting The Good Cause Standard of Patent L.R. 3-6, To Add Citations To Core Technical Documents."  Dkt. No. 69 at 13. WTI proposed no deadline at all, while defendants proposed November 2, 2015 with respect to Facebook and December 14, 2015 with respect to Google.  *Id.*

2

|   |   |
|---|---|
| Complete claim construction discovery: | April 15, 2016 |
| Opening Brief: | April 29, 2016 |
| Response Brief: | May 13, 2016 |
| Reply Brief: | May 27, 2016 |
| Claim Construction Tutorial: | June 10, 2016 |
| Claim Construction Hearing: | June 17, 2016 |

PRETRIAL SCHEDULE

|   |   |
|---|---|
| Deadline to amend/add parties: | December 31, 2015 |
| Fact discovery cutoff: | November 11, 2016 |
| Expert disclosure: | December 15, 2016 |
| Expert rebuttal: | February 16, 2017 |
| Expert discovery cutoff: | March 6, 2017 |
| Dispositive Motions heard by: | May 10, 2017 |
| Pretrial Conference: | September 11, 2017 |
| Trial: | October 10, 2017 |

Dkt. No. 73. Pursuant to stipulation by the parties, the deadline for serving invalidity contentions was extended to February 12, 2016 for Facebook and to February 19, 2016 for Google, the deadline for proposing terms for construction was extended to March 18, 2016, and the deadline for submitting the joint claim construction statement was extended to April 1, 2016. Dkt. No. 84.

### B. WTI's Review of Source Code and Service of Amended Infringement Contentions

Starting in June 2015 – while the case was still pending in Texas – the parties exchanged emails regarding a stipulated protective order without agreeing on a final draft. *See, e.g.,* Mead Decl. Ex. A & Corrected Ex. H (Dkt. Nos. 97-2, 99-1). On July 8, 2015, Facebook sent WTI an email stating,

> Facebook is making available for inspection source code and documents reflecting or containing source code at the offices of Facebook's counsel Cooley LLP. Per our discussion earlier today, the production is being made available for inspection subject to the terms of the draft Protective Order last circulated by Facebook, pending entry of a Protective Order by the Court. Please let us know when you would like to schedule a review. Facebook is also separately producing documents via secure FTP.

Mead Decl. Ex. B (Dkt. No. 97-3). WTI states that in light of the phrase "subject to the terms of the draft Protective Order last circulated by Facebook, pending entry of a Protective Order by the Court," it understood the email to communicate that either "(1) the source code review would remain 'pending' until 'entry of a Protective Order by the Court,' or (2) the source code would only be available for inspection if WTI immediately conceded to Facebook's revisions to the protective order." Reply at 3-4 (Dkt. No. 100). WTI did not respond to the email (or at least,

3

neither party discusses whether or how WTI responded to it) and did not then begin reviewing Facebook's source code. There is no evidence on record of any further discussions between the parties regarding the terms of their protective order, and no protective order has been entered in the case.

On September 24, 2015, WTI sent Facebook a letter stating that Facebook "has neither produced any source code, nor made source code available for inspection." Mead Decl. Ex. C (Dkt. No. 97-4). In an email dated October 1, 2015, Facebook responded that its source code "ha[s] been available for WTI's review for nearly three months, since Facebook made [it] available for inspection . . . on July 8, 2015." Mead Decl. Ex. D (Dkt. No. 97-5). Facebook also stated that if WTI provided amended infringement contentions by November 2, 2015, Facebook would not oppose the amendment on the ground that WTI had not been diligent. *Id.*

WTI began reviewing Facebook's source code on October 19, 2016. Saunders Facebook Decl. ¶ 5 (Dkt. No. 89-1). According to the "Source Code Review Sign-In/Sign-Out Log," WTI reviewed the source code on October 19, 20, 23, and 30, 2015, for a total of approximately 17 hours. Mead Decl. Exs. E-F (Dkt. Nos. 97-6, 97-7).[2] WTI requested 57 pages of Facebook's source code in hard copy, which Facebook sent to WTI on October 29 and 30, 2015. Saunders Facebook Decl. ¶ 6; Mead Decl. ¶ 10, Exs. L-M (Dkt. Nos. 97-13, 97-14).

On December 30, 2015, WTI served Facebook with amended infringement contentions, which WTI described as "add[ing] citations to Facebook's source code based on WTI's source code inspection." Saunders Facebook Decl. Ex. M (Dkt. No. 89-14); Webb Decl. Ex. N (Dkt. No. 88-6). On January 5, 2016, Facebook sent WTI an email objecting to the amended infringement contentions, asserting that they were both untimely and insufficient under Patent Local Rule 3-1. *See* Mead Decl. Ex. N (Dkt. No. 97-15); Saunders Decl. ¶ 7.

On February 3, 2016, WTI served Facebook with a revised version of its amended infringement contentions. Mead Decl. Ex. Q (Dkt. No. 97-18). Facebook objected again, this time only on the ground of untimeliness. Saunders Decl. Ex. Y (Dkt. No. 89-25). The parties met

---

[2] Facebook notes that WTI's source code review on October 30, 2015 lasted only 7 minutes and was limited to checking a file name the reviewer had failed to note. Oppo. at 4 (Dkt. No. 97).

and conferred on February 26, 2016 but were unable to resolve their dispute. Saunders Decl. Ex. Z (Dkt. No. 89-26). WTI filed its motion for leave to amend on March 31, 2016. Dkt. No. 89.

## II.   WTI v. GOOGLE

The basic procedural history of *WTI v. Google* is identical to that of *WTI v. Facebook*. In contrast with Facebook, however, Google did not make its source code available to WTI until in or around December 2015, and WTI conducted its review of the source code between December 8 and 11, 2015. Saunders Google Decl. ¶ 8 (Dkt. No. 116-1). WTI received hard copies of requested portions of Google's source code on December 23, 2015 and January 12, 2016, and then served Google with amended infringement contentions on January 20, 2016. Saunders Google Decl. ¶ 9, Ex. P (Dkt. No. 116-15). Google objected on the ground that the amended infringement contentions failed to provide reasonable notice of WTI's infringement theories. Saunders Google Decl. Ex. T (Dkt. No. 116-19). On February 11, 2016, WTI served Google with a revised version of its amended infringement contentions. Saunders Google Decl. Ex. U (Dkt. No. 116-20). On March 10, 2016, Google sent WTI a letter objecting to the revised version, again asserting that the amended infringement contentions failed to provide reasonable notice of WTI's infringement theories. Saunders Google Decl. Ex. V (Dkt. No. 116-21). WTI filed its motion for leave to amend on March 31, 2016, the same date it filed its motion in *WTI v. Google*. Dkt. No. 116.

## LEGAL STANDARD

"Patent Local Rule 3 requires patent disclosures early in a case and streamlines discovery by replacing the series of interrogatories that parties would likely have propounded without it." *ASUS Computer Int'l v. Round Rock Research, LLC*, No. 12-cv-02099-JST, 2014 WL 1463609, at *1 (N.D. Cal. Apr. 11, 2014) (internal quotation marks and modifications omitted). The disclosures required under Rule 3 are designed "to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." *Nova Measuring Instruments Ltd. v. Nanometrics, Inc.*, 417 F. Supp. 2d 1121, 1123 (N.D. Cal. 2006). "They are also designed to provide structure to discovery and to enable the parties to move efficiently toward claim construction and the eventual resolution of their dispute." *Golden Bridge Tech. Inc v. Apple, Inc.*, No. 12-cv-04882-PSG, 2014 WL 1928977, at *3 (N.D. Cal. May 14,

5

2014) (internal quotation marks omitted); *see also O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1365-66 (Fed. Cir. 2006) ("The local patent rules in the Northern District of California [require] both the plaintiff and the defendant in patent cases to provide early notice of their infringement and invalidity contentions, and to proceed with diligence in amending those contentions when new information comes to light in the course of discovery. The rules thus seek to balance the right to develop new information in discovery with the need for certainty as to the legal theories.").

Patent Local Rule 3-1 requires a party claiming patent infringement to serve infringement contentions within 14 days of the initial case management conference. Patent L.R. 3-1. The infringement contentions must include "[e]ach claim of each patent in suit that is allegedly infringed by each opposing party, including for each claim the applicable statutory subsections of 35 U.S.C. § 271 asserted." Patent L.R. 3-1(a). The party must also specify "where each limitation of each asserted claim is found within each Accused Instrumentality," and "[w]hether each limitation of each asserted claim is alleged to be literally present or present under the doctrine of equivalents." Patent L.R. 3-1(c), (e). Rule 3-1 does not "require a plaintiff to prove its infringement case." *Tech. Licensing Corp. v. Grass Valley USA, Inc.*, No. 12-cv-06060-PSG, 2014 WL 3752108, at *2 (N.D. Cal. July 30, 2014) (internal quotation marks omitted). But "all courts agree that the degree of specificity under [Rule 3-1] must be sufficient to provide reasonable notice to the defendant why the plaintiff believes it has a reasonable chance of proving infringement," and to "raise a reasonable inference that all accused products infringe." *Shared Memory Graphics LLC v. Apple, Inc.*, 812 F. Supp. 2d 1022, 1025 (N.D. Cal. 2010) (internal quotation marks omitted). Parties should include in their infringement contentions "all of the theories of infringement that they in good faith believe they can assert." *Apple Inc. v. Samsung Elecs. Co.*, No. 12-cv-00630-PSG, 2013 WL 3246094, at *3 (N.D. Cal. June 26, 2013).

Patent Local Rule 3-6 permits amendment of infringement contentions only by court order, and only upon a "timely showing of good cause." Patent L.R. 3-6. Rule 3-6 lists several examples of "circumstances that may, absent undue prejudice to the nonmoving party, support a finding of good cause." *Id.* These include the "[r]ecent discovery of nonpublic information about

6

the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions." *Id.*  In determining whether a party has established good cause, courts first look to whether the party has shown that it has acted with diligence.  *See O2 Micro*, 467 F.3d at 1366.  "[I]f the moving party was not diligent, the inquiry should end." *Apple*, 2013 WL 3246094, at *1 (internal quotation marks omitted).  On the other hand, "[i]f the court finds that the moving party has acted with diligence, it must then determine whether the nonmoving party would suffer prejudice if the motion to amend were granted." *Id.* (internal quotation marks omitted).

## DISCUSSION

### I. WTI'S MOTION FOR LEAVE TO AMEND WITH RESPECT TO FACEBOOK

Facebook's principal argument against amendment is that WTI has not shown diligence. *See* Oppo. at 8-14 (Dkt. No. 97).  Facebook identifies three lapses in WTI's efforts to amend: (1) from July 8, 2015, when Facebook notified WTI that its source code was "being made available for inspection subject to the terms of the draft Protective Order last circulated by Facebook, pending entry of a Protective Order by the Court," to October 19, 2015, when WTI began its review of the source code; (2) from October 19, 2015 to December 30, 2015, when WTI served Facebook with the initial version of its amended infringement contentions; and (3) from December 30, 2015 to March 31, 2016, when WTI filed its motion for leave to amend.  According to Facebook, this timeline demonstrates that WTI was not diligent.

I disagree.  WTI's conduct was certainly close to the line of exhibiting a lack of diligence. *See, e.g., Par Pharm., Inc. v. Takeda Pharm. Co.*, No. 13-cv-01927-PSG, 2014 WL 3704819, at *1-2 (N.D. Cal. July 23, 2014) (four-month delay between discovery of new prior art references and filing of motion for leave to amend was not diligent); *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, No. 09-cv-05235-MEJ, 2013 WL 4604206, at *4 (N.D. Cal. Aug. 28, 2013) (defendant was not diligent based on an unexplained two-month delay between the issuance of the claim construction order and the date the defendant first notified the plaintiff that it would seek leave to amend).  But I am not convinced that the particular circumstances of this case justify such a finding.  Given the ambiguity in the language of the July 8, 2015 email, and the absence of

any additional communications between the parties regarding source code review until September 24, 2015, WTI's delay in beginning its review of Facebook's source code does not support the conclusion that WTI was not diligent. WTI's delay in serving the initial version of its amended infringement contentions also fails to show a lack of diligence. This case involves dozens of asserted claims from seven different patents (each of which shares the same multi-hundred-page specification), and the period of time between the start of WTI's source code review and the service of its initial version of its amended infringement contentions included the winter holiday season. In these circumstances, WTI's approximately ten-week delay is not unreasonable. Finally, WTI's efforts after December 30, 2015 to resolve or narrow the amendment issue by meeting and conferring with Facebook and revising its amended infringement contentions does not indicate a lack of diligence. WTI should not be punished for good faith attempts to resolve this issue without the need for extensive motion practice.[3]

As to prejudice, Facebook does not argue that it would be prejudiced in these proceedings by the requested amendment, and there is no indication that it would be: WTI served its amended infringement contentions and moved for leave to amend months before claim construction, the fact and expert discovery cutoffs are months away, and Facebook does not identify any particular aspects of the amended infringement contentions that do more than flesh out the infringement theories WTI set out in its original infringement contentions. Facebook argues instead that it would be prejudiced because the deadline to petition for inter partes review ("IPR") expired on December 17, 2015 and it "needed to see WTI's [amended infringement contentions] accounting

---

[3] Facebook also argues that WTI was not diligent because it did not serve its amended infringement contentions by either August 8, 2015 or December 14, 2015. *See* Oppo. at 8-9. The August 8, 2015 deadline is based on a proposed case management schedule submitted by the parties when the case was pending in Texas, and which was not entered by the Texas court. *See* Dkt. Nos. 40, 41. Facebook does not explain why that deadline would be effective ever, much less after the case was transferred to this district. The December 14, 2015 deadline is based on Facebook's question at the case management conference whether "in the December date when we get the reduction in claims, it's a full citation to the code that they've had access to, these are final contentions at this point, . . . that's what your Honor is anticipating." Hearing Tr. at 21. My response to this question did not require WTI to serve amended infringement contentions by December 14, 2015. Facebook's question was ambiguous at best and said nothing about a deadline for serving amended infringement contentions. My understanding of the question was that Facebook wanted to confirm that WTI should include citations to the source code in its amended infringement contentions, not that it should serve those contentions by a particular date.

8

1   for the source code in order to meaningfully evaluate and petition for IPR." Oppo. at 14.

2   Again, I am not convinced. Even assuming that Facebook is correct that WTI's particular
3   infringement theories materially impact its ability to "meaningfully evaluate and petition for IPR,"
4   it is not clear why Facebook could not have made an informed decision about petitioning for IPR
5   based on WTI's original infringement contentions. *Cf. Adaptix, Inc. v. Dell Inc.*, 2015 U.S. Dist.
6   LEXIS 23134, *25 (N.D. Cal. Feb. 24, 2015) (finding prejudice based on the plaintiff's request to
7   amend its infringement contentions after the defendant's IPR deadline, where the plaintiff sought
8   to shift its infringement accusations to a wholly different functionality of the defendant's product).
9   Facebook appears to argue that it needed to see the specific source code citations in WTI's
10  amended infringement contentions before being able to make an informed decision about
11  petitioning for IPR. But Facebook does not explain how it would have approached the IPR
12  process differently had it received WTI's amended infringement contentions before the IPR
13  deadline. Nor does it identify any particular aspect of the original or amended infringement
14  contentions that impacts the IPR analysis. WTI's motion for leave to amend its infringement
15  contentions with respect to Facebook is GRANTED.

## II. WTI'S MOTION FOR LEAVE TO AMEND WITH RESPECT TO GOOGLE

WTI's motion for leave to amend its infringement contentions with respect to Google is also GRANTED. Google's principal argument against amendment is that WTI's amended infringement contentions fail to provide reasonable notice of WTI's infringement theories, and that Google would be prejudiced by amendment as a result. *See* Oppo. at 6-20 (Dkt. No. 129-4). The problem with this argument is that Google's actual critique of WTI's amended infringement contentions is not so much that the contentions are unclear, but that they lack merit and include

1   alternative infringement theories.[4]  *See id.*  Neither of these alleged defects supports denying
2   WTI's motion for leave to amend.  The merits of WTI's infringement theories will be tested at
3   summary judgment and trial, not on a motion for leave to amend.  In addition, Google cites no
4   authority to support its apparent position that infringement contentions cannot include alternative
5   infringement theories.  Parties should include in their infringement contentions "all of the theories
6   of infringement that they in good faith believe they can assert." *Apple*, 2013 WL 3246094, at *3.
7   Following this principle, I see no reason why a party with a good faith basis for asserting
8   alternative infringement theories should not include each of those theories in its infringement
9   contentions.

    Google's attack on WTI's diligence in moving for leave to amend is also unpersuasive.
11  *See* Oppo. at 20-25.  WTI may amend its infringement contentions against Google.

12  **III.   GOOGLE'S MOTION TO STRIKE**

13  Google's motion to strike is aimed at WTI's original infringement contentions.  Mot. at 1
14  (Dkt. No. 131).  In light of the ruling on WTI's motion for leave to amend with respect to Google,
15  the motion to strike is DENIED AS MOOT.

16  **IV.   SEALING MOTIONS**

17  In conjunction with its motion for leave to amend with respect to Facebook, WTI moved to
18  seal the entirety of its amended infringement contentions (submitted as Exhibits A and N to the
19  Saunders Facebook Declaration) on the ground that they contain Facebook's confidential source
20  code.  Dkt. No. 88.  Facebook then submitted a declaration pursuant to Civil Local Rule 79-5(e)
21  seeking to seal only certain portions of the amended infringement contentions.  Dkt. No. 94.  The

---

[4] Two exceptions to this observation are Google's complaints that the amended infringement contentions use open-ended placeholder phrases like "such as" and "for example," and that the amended infringement contentions fail to provide claim charts for Google Chrome, Google Search, and Google Now.  *See* Oppo. at 18-19.  WTI is advised that its use of open-ended placeholder phrase like "such as" and "for example" will not enable it to rely on infringement theories not specifically articulated in its infringement contentions. *Cf. Apple Inc. v. Samsung Elecs. Co.*, No. 12-cv-00630-PSG, 2013 WL 3246094, at *9 (N.D. Cal. June 26, 2013) (striking the phrase "and/or other processes" from infringement contentions).  With respect to Google Chrome, Google Search, and Google Now, WTI must provide claim charts for these products if it wants to accuse them of infringement.  WTI shall serve any such claim charts on Google within seven days of the date of this Order.

1    portions identified by Facebook may remain under seal.  Within seven days of the date of this

2    Order, Facebook shall file redacted versions of the amended infringement contentions with only

3    those portions identified in its declaration redacted.  Facebook is not required to file courtesy

4    copies of these redacted versions.  The documents filed under seal at Dkt. No. 86 may also remain

5    under seal.

6         In conjunction with its motion for leave to amend with respect to Google, WTI moved to

7    seal the entirety of its amended infringement contentions (submitted as Exhibits B and R to the

8    Saunders Google Declaration) on the ground that they contain Google's confidential source code.

9    Dkt. No. 115.  WTI also moved to seal portions of two letters (submitted as Exhibits T and V to

10   the Saunders Google Declaration).  Google then submitted a declaration pursuant to Civil Local

11   Rule 79-5(e) seeking to seal only certain portions of the amended infringement contentions and

12   letters.  Dkt. No. 120.  The portions of the amended infringement contentions identified by Google

13   may remain under seal.  Within seven days of the date of this Order, Google shall file redacted

14   versions of the amended infringement contentions with only those portions identified in its

15   declaration redacted.  Google is not required to file courtesy copies of these redacted versions.

16   The documents filed under seal at Dkt. No. 113 may also remain under seal.

17        On the other hand, Google has not established good cause to seal the entirety of the

18   requested portions of the letters.  If Google wants any portions of the letters to remain under seal,

19   it shall submit an amended declaration within seven days of the date of this Order narrowing its

20   sealing requests and/or articulating specific reasons justifying its sealing requests.

21        WTI also moved to seal portions of its reply in support of its motion for leave to amend

22   with respect to Google.  Dkt. No. 138.  Google has not established good cause to seal the entirety

23   of these portions either.  *See* Dkt. No. 142.  If Google wants any of these portions to remain under

24   seal, it shall submit an amended declaration within seven days of the date of this Order narrowing

25   its sealing requests and/or articulating specific reasons justifying its sealing requests.

26        Finally, in conjunction with its opposition to WTI's motion for leave to amend, and in

27   conjunction with its own motion to strike and reply in support of that motion, Google moved to

28   seal various portions of its briefing and associated exhibits.  Dkt. No. 129.  Google has not

11

1 established good cause to support any of these sealing requests. If Google wants any of these
2 documents or portions thereof to remain under seal, it shall submit an amended declaration within
3 seven days of the date of this Order narrowing its sealing requests and/or articulating specific
4 reasons justifying its sealing requests.

## CONCLUSION

For the foregoing reasons, WTI's motions for leave to amend its infringement contentions are GRANTED with respect to both Facebook and Google, and Google's motion to strike is DENIED AS MOOT.

**IT IS SO ORDERED**.

Dated: July 8, 2016



WILLIAM H. ORRICK
United States District Judge